**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josue Olivas, | No. CV-19-02698-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Josue Olivas ("Olivas"), who was previously employed as a correctional officer by the State of Arizona ("the State"), has sued the State and various state employees for violations of the Family and Medical Leave Act ("FMLA") and Title I of the Americans With Disabilities Act ("ADA"). (Doc. 26.) Now pending before the Court is the State's motion to dismiss Count IV of the amended complaint, which is Olivas's ADA claim. (Doc. 29). In response, Olivas concedes that Count IV is barred by sovereign immunity. (Doc. 30 at 1.) Count IV is therefore dismissed.

In his response to the motion to dismiss, Olivas requests leave to amend and argues that the "deficiencies in Count IV may be cured by amendment." (*Id.* at 2.) In reply, the State argues that Olivas's amendment request should be denied without prejudice because Olivas failed to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rules 7.2 and 15.1. (Doc. 31 at 1-2.) In the State's view, Olivas should be required to file a formal motion for leave to amend that addresses the relevant factors governing amendment requests under Rule 15(a)(2). (*Id.* at 3-4.)

Although Olivas's rather informal mechanism for requesting leave to amend (*i.e.,* tucking the request into his response to the State's motion to dismiss) is not a preferred practice, it is not necessarily improper under Ninth Circuit law. *See, e.g., Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) ("Edwards did not call the request in her opposition to OPC's motion for summary judgment a 'motion for leave to amend,' and she did not tender a formal amendment. But these circumstances did not preclude the district court from granting leave to amend."); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 700-01 (9th Cir. 1988) (as amended), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007) (concluding that "the district court erred in refusing to grant [Balistreri's] request to amend her complaint," where "[i]n her response to defendants' motion to dismiss, Balistreri specifically asked for leave to amend her complaint if the court found that she had not recited sufficient facts to state a cause of action," because "[t]he fact that Balistreri did not present her request to amend her complaint in a separate formal motion is not a bar").[1] Additionally, although Local Rule 15.1(a) requires a party moving for leave to amend to provide a redlined version of the proposed new pleading, the State's objection here isn't based solely on the absence of a redlined draft—it also faults Olivas for failing to provide detailed briefing concerning the Rule 15(a)(2) amendment factors. But as noted, Ninth Circuit law arguably does not require such briefing in this circumstance.

In any event, even assuming that Olivas's approach violated the Local Rules, the Court will exercise its discretion to overlook his non-compliance. *Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("[T]he district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake."). The State does not explain why it believes Olivas would be unable to establish an adequate basis for amendment under Rule 15(a)(2). (Doc.

---

[1] *See also* 1 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 15, at 425 (2020) ("[A] request for leave to amend made in an opposition paper may be considered to constitute a motion if it is clearly stated, sufficiently supported, and consistent with local rules and practice.").

31 at 3-4.) And to the extent the State believes any amendment effort would be futile, many courts (including this Court) prefer to evaluate futility-based objections to new claims in the context of a motion to dismiss rather than in the context of a motion for leave to amend. *See generally Leibel v. City of Buckeye*, 2019 WL 4736784, *3 (D. Ariz. 2019) (citing cases). Thus, it makes sense—and is consistent with Rule 15(a)(2)'s textual mandate to "freely give leave" to amend and the Ninth Circuit's exhortation to apply this mandate with "extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted)—to construe Olivas's informal request as a motion for leave to amend, grant it, and then allow the State to move to dismiss the new claim Olivas includes in the next iteration of his complaint.

Accordingly,

**IT IS ORDERED** that the State's motion to dismiss Count IV (Doc. 29) is **granted**. Count IV is **dismissed**.

**IT IS FURTHER ORDERED** that Olivas is granted leave to amend his complaint. Olivas shall file and serve a Second Amended Complaint ("SAC") within 14 days of the date of this Order and shall, consistent with LRCiv 15.1(a), attach a redlined version of the pleading as an exhibit to the SAC. The changes in the SAC shall be limited to the addition of a claim for "disability discrimination under the Rehabilitation Act" (Doc. 30 at 2) because that is the scope of amendment that Olivas requested.

Dated this 27th day of October, 2020.

Dominic W. Lanza
United States District Judge